IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ROBERT BEN RHOADES,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-cv-1921-NJR |
| | ) | |
| | ) | |
| **ROB JEFFRIES, ANTHONY WILLS,** | ) | |
| and **JOHN DOE COMMISSARY** | ) | |
| **OFFICER,** | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Robert Ben Rhoades, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Rhoades alleges his access to the commissary was limited due to supply shortages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Rhoades makes the following allegations: Rhoades suffers from irritable bowel disease with a prolapsed colon and cannot digest the large amount of soy products served at Menard (Doc. 1, p. 7). He supplements his diet with food from the commissary (*Id.*). Prior to the Covid-19 pandemic, he was allowed to shop at the commissary for food two to three times a month with a limit of $100.00 for visit (*Id.*). He also had access to over 350 commissary items. Since the start of the pandemic, he is only allowed to shop once a month and the items are limited. For example, Rhoades, points to a March 2022 commissary purchase form which lists only 49 items (*Id.* at p. 15). He believes IDOC has given him contradictory explanations for the lack of variety at the commissary including shortages due to Covid-19 and contract issues with the vendors (*Id.*). He believes that Rob Jeffries, Anthony Wills, and John Doe Commissary Officer have failed to correct the shortages (*Id.* at pp. 7-8).

## Discussion

Simply put, Rhoades fails to allege a violation of his constitutional rights due to the lack of variety at the commissary. Rhoades alleges that he believes the commissary is being improperly limited in choices, but he does not indicate what constitutional right he has to certain commissary items. Further, the Court sees no constitutional violation caused by the lack of variety at the commissary. Although Rhoades alleges that he needs access to commissary items due to his medical condition, he fails to allege that he was improperly denied access to a soy-free diet. Further, a number of items listed on the limited commissary form are soy-free (*Id.* at p. 15). There is simply no constitutional

deprivation implicated by the allegations in his Complaint. Thus, the Complaint is **DISMISSED without prejudice**. Although the Court is unable to identify a constitutional violation in his current pleadings, the Court will allow Rhoades an opportunity to amend his Complaint.

## Pending Motions

As to Rhoades's motion for counsel (Doc. 2), he states that he has written several law firms but they have not responded to his letters. He also states he has limited use of his hand. But given the early stage of the litigation, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel … cannot be gauged.").[1] Further, counsel is not needed at this time because the Court finds that Rhoades is capable of drafting an Amended Complaint. Although his writing may be hampered by his injury, his writing has been clear and easy to understand. Thus, his motion for counsel (Doc. 2) is **DENIED**. Rhoades may renew his request for counsel at a later date.

## Disposition

For the reasons stated above, the Complaint is **DISMISSED without prejudice**. Rhoades will have an opportunity to file a First Amended Complaint if he wishes to

---

[1] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

pursue his claims. If he chooses to do so, Rhoades must comply with the instructions and deadlines set forth below.

Rhoades is **GRANTED** leave to file a "First Amended Complaint" on or before **November 14, 2022.** Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such a dismissal could count as one of Rhoades's three allotted "strikes" under 28 U.S.C. § 1915(g). Along with his current Complaint, Rhoades has filed several other cases pending before the Court. Should those cases be dismissed as frivolous, they could be counted towards his allotted "strikes" and prevent him from filing future cases without prepayment of fees.[2] As such, the Court will allow Rhoades to either file a First Amended Complaint or seek to dismiss his original Complaint voluntarily by the stated deadline.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, if Rhoades chooses to file an amended pleading, the First Amended

---

[2] 28 U.S.C. §1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

4

Complaint must stand on its own, without reference to any previous pleading, and Rhoades must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. To aid Rhoades in drafting his First Amended Complaint, the Clerk of Court is **DIRECTED** to send Rhoades a Section 1983 Complaint form.

Rhoades is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). If Rhoades chooses to dismiss his case voluntarily, the Court will not collect the remaining filing fee.

Finally, Rhoades is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: October 17, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**